IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Buffalo Division

| | | |
|---|---|---|
| NEW YORK STATE RIFLE AND PISTOL ASSOCIATION, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:13-cv-00291-WMS |
| v. | ) ) ) | **AFFIDAVIT** |
| ANDREW M. CUOMO, et al., | ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF WESTCHESTER | ) SS: |
| CITY OF WHITE PLAINS | ) |

1. I am an attorney at law duly licensed to practice in the State of New York and am a partner with the law firm Goldberg Segalla, LLP, counsel to Plaintiff New York State Rifle and Pistol Association, Inc.; Westchester County Firearms Owners Association, Inc.; Sportsmen's Association for Firearms Education, Inc.; New York State Amateur Trapshooting Association; Bedell Custom; Beikirch Ammunition Corporation; Blueline Tactical & Police Supply, LLC; Batavia Marine & Sporting Supply; William Nojay; Thomas Galvin; and Roger Horvath, in the above-captioned action. As such, I am familiar with the facts and circumstances involved in this litigation.

2. I submit this affidavit in support of Plaintiffs' Motion for an Expedited Hearing made pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(d), on their Motion for Preliminary Injunction Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure to Enjoin Defendants from Implementing and Enforcing The New York Secure Ammunition and Firearms Act of 2013 (the "Act") And, More

Specifically, To Enjoin Enforcement of and/or Prosecution of Citizens Under Certain Specified Sections of the New York Penal Law (As Amended or Created By Corresponding Sections of the Act).

3. Plaintiffs submit this motion to shorten the notice requirements of Local Rule 7.1(b) & (c).

4. Plaintiffs are filing this motion contemporaneously with their Motion for Preliminary Injunction Under Rule 65(a) of the Federal Rules of Civil Procedure.

5. As stated in its prior motion for an expedited hearing to this Court, Plaintiffs seek to challenge the constitutionality of the Act. It was passed as "emergency legislation" without notice to the public or committee hearings and enacted on January 15, 2013.

6. Because of this vague and hastily-written legislation, the Act has already been amended once to address oversights and vagaries in certain sections of the statute. *See, e.g.*, Act § 38 (amending New York Penal Law § 265.00(23), as amended by § 4, part FF, of S2607D-2013 (Mar. 28, 2013)) (addressing "large capacity ammunition feeding device).

7. Some provisions are already in effect, and certain provisions concerning "large capacity feeding devices" will take effect today, April 15, 2013. *See* N.Y. Penal Law § 265.00(23).

8. The Act creates new offenses with severe criminal penalties for previously-lawful activities. Those activities concern Plaintiffs and law-abiding New Yorkers exercising their core Second Amendment right to acquire and possess rifles, handguns, shotguns, ammunition magazines, and ammunition.

9. For example, the Act's arbitrary limitation of the number of rounds allowable for a firearm in the home causes a profound loss of a sense of security and, more important, irreparable harm from a successful criminal attack in the home.

10. The Act's effect on Plaintiffs' and millions of other law-abiding New York gun owners' Second Amendment right is at issue in this challenge.

11. Plaintiff William Nojay, Thomas Galvin, and Roger Horvath are law-abiding gun owners. The Act has impinged on the individual Plaintiffs' Second Amendment right to defend themselves, their families, and their property. This violation of the individual Plaintiffs' core Second Amendment right began three months ago and continues, with no clear end in sight.

12. Plaintiff New York State Rifle and Pistol Association, Inc.; Westchester County Firearms Owners Association, Inc.; Sportsmen's Association for Firearms Education, Inc.; New York State Amateur Trapshooting Association are associations that are dedicated to the preservation of Second Amendment rights and the promotion of firearm safety, education and training, and the shooting sports.

13. Plaintiff Bedell Custom, Beikirch Ammunition Corporation, and Blueline Tactical & Police Supply, LLC, and Batavia Marine & Sporting Supply are either manufacturers or gunsmiths of firearms, or sellers of firearms and ammunition.

14. Plaintiffs seek an expedited hearing for this Court to consider its Motion for Preliminary Injunction to Enjoin Certain Sections of the Act.

15. Plaintiffs assert that the hastily-passed Act is unconstitutional on many grounds. There are numerous sections of the Act that unconstitutionally impact, among

other things, the ownership, sale, and purchase of pistols, rifles, shotguns, and magazines for rounds of ammunition.

16. As one example of many, the Act has broadened the definition of an "assault weapon," using a one-feature test. It requires registration or forced divestiture of those "assault weapons" already possessed, and "grandfathers" those that are registered, but only to the owner at the time the Act was passed. It prohibits possession of any "assault weapons" not already possessed and registered.

17. This amendment encompasses commonly-possessed rifles, handguns, and shotguns that are semiautomatic. Some members, individual Plaintiffs, and business Plaintiffs possess "assault weapons" as previously defined that were lawfully possessed prior to September 14, 1994 and under the laws of 2000. They are now faced with either registering their once-lawfully possessed weapons or divesting them in a manner set forth in the Act.

18. By way of another example, the broadened definition of "assault weapon" has already negatively impacted Plaintiff Bedell's business concerning the purchase of "AR"-type firearms from out-of-state distributor and the sale of those types of firearms to customers. As a direct and proximate result of the Act's passage, Bedell's out-of-state distributors have significantly reduced and, in some cases, stopped altogether the shipment of "AR"-type firearms to Bedell due to concern and confusion over whether these types of arms can legally be shipped to, received by and/or sold by the holder of an FFL.

19. Every day that passes until this Court enjoins enforcement of the Act causes further irreparable harm to Plaintiffs.

20. The wholly arbitrary seven-round restriction concerning firearms places the individual Plaintiffs in a position in which they are unable to defend themselves, their families, and property in an adequate fashion.

21. The bans on "large capacity ammunition feeding devices" and the broadened definition of "assault weapons" continually force Plaintiffs to interpret vague and confusing statutes that carry severe punishment if not followed.

22. For the very same reasons, the bans threaten the very nature of the association Plaintiffs' mission and existence.

23. The bans also effect the association Plaintiffs' and business Plaintiffs' economic interests. In fact, some of the business Plaintiffs' are contemplating closing their businesses because distributors, suppliers, and customers are being chilled by the Act's confusing and vague provisions.

24. Taking any more time than is necessary to rule on Plaintiffs' motion for preliminary injunction increases the irreparable harm they have already experienced and will continue to experience as long as certain unconstitutional provisions in the Act remain in force.

25. The challenge to the Act concerns the violation of a core right under the United States Constitution.

26. Based on the foregoing, Plaintiffs respectfully request a shortened notice period for this motion in order to resolve this violation of Plaintiffs' constitutional rights.

27. I have reviewed the preceding statements, and they are true and accurate according to the best of my information, knowledge and belief.

**WHEREFORE**, your deponent respectfully requests that this Court grant Plaintiffs' Motion for an Expedited Hearing, as well as their Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a), along with further relief the Court deems just and proper.

GOLDBERG SEGALLA LLP

_____
Brian T. Stapleton, Esq. (BS 5640)
11 Martine Avenue, Suite 750
White Plains, New York 10606-1934
(914) 798-5400
bstapleton@goldbergsegalla.com

Sworn to before me this
15th day of April 2013

_____
Notary Public No. 01PA5078241, Westchester County, Expires May 19, 2015.

KATHY E. PATRICK
Notary Public, State of New York
No. 01PA5078241
Qualified in Westchester County
My Commission Expires May 19, 2015