UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

NEW YORK STATE RIFLE AND PISTOL
ASSOCIATION, INC., et al.,

                    Plaintiffs.

v.                                    Case No.: 13-cv-00291-WMS

ANDREW M. CUOMO, et al.,

                    Defendants.

**NOTICE OF MOTION FOR LEAVE TO FILE [PROPOSED]
AMICI CURIAE BRIEF OF NEW YORK STATE SHERIFFS' ASSOCIATION,
TIMOTHY B. HOWARD, ERIE COUNTY SHERIFF, REUEL A. TODD,
OSWEGO COUNTY SHERIFF, BARRY C. VIRTS, WAYNE COUNTY
SHERIFF, DONALD B. SMITH, PUTNAM COUNTY SHERIFF,
LAW ENFORCEMENT LEGAL DEFENSE FUND,
LAW ENFORCEMENT ACTION NETWORK, AND INTERNATIONAL
LAW ENFORCEMENT EDUCATORS AND TRAINERS ASSOCIATION**

*Counsel for Amici Curiae*

C. D. Michel*
Clinton B. Monfort
Michel & Associates, P.C.
180 E. Ocean Blvd., Ste. 200
Long Beach, CA 90802
(562) 216-4444/cmichel@michellawyers.com
*\* Pro hac vice application forthcoming*

Sheldon W. Boyce, Jr.
William J. Brongo
Brenna, Brenna and Boyce, PLLC
31 East Main Street, Suite 2000
Rochester, NY 14614
(585) 454-2000 / boyce@brennalaw.com

Jeffrey Chamberlain
Chamberlain Kaufman and Jones
35 Fuller Road
Albany, NY 12205
(518) 435-9426 / jeffc@flsa.com

*Of Counsel*

Edwin Meese, III,
1075 Spring Hill Road
McLean VA 22102
(202) 633-2001

Alfred S. Regnery,
1611 North Kent St. #901
Arlington, VA 22209
(202) 258-7411

David Martin,
Law Offices of David Henderson Martin
1611 North Kent Street, Suite 901
Arlington, VA 22209
(703) 807-1875

PLEASE TAKE NOTICE that the New York State Sheriffs' Association (NYSSA), Erie County Sheriff Timothy B. Howard, Oswego County Sheriff Reuel A. Todd, Wayne County Sheriff Barry C. Virts, Putnam County Sheriff Donald B. Smith, and Fulton County Sheriff Thomas J. Lorey, the Law Enforcement Legal Defense Fund (LELDF), the Law Enforcement Action Network (LEAN), and the International Law Enforcement Educators and Trainers Association (ILEETA) (collectively "Law Enforcement Organizations and Officials" or "Amici"), through their undersigned counsel, hereby move the Court to grant an Order allowing the Law Enforcement Organizations and Officials to file an amici curiae brief in support of Plaintiffs' motion for a preliminary injunction. The Law Enforcement Organizations and Officials submit herewith a motion providing reasons why this Court may choose to accept the brief as well as copy of the amici curiae brief they request leave to file.

## MOTION FOR LEAVE TO FILE PROPOSED BRIEF OF AMICI CURIAE
## ON BEHALF OF LAW ENFORCEMENT ORGANIZATIONS AND OFFICIALS

The Law Enforcement Organizations and Officials respectfully move this Court, pursuant to its broad discretion to allow for the appearance of amici curiae in a district court case, for leave to file the concurrently submitted amici brief in support of Plaintiffs' motion for a preliminary injunction. *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) *amended on reconsideration in part*, 06-CV-0001S, 2007 WL 1200473 (W.D.N.Y. Apr. 20, 2007). Amici certify that this brief was not written in whole or in part by the counsel for any party, and that no person or entity other than Amici, their members, and their counsel made a monetary contribution to the preparation and submission of this brief.

I.      INTERESTS OF THE AMICI

The Law Enforcement Organizations and Officials' proposed amici brief provides this Court with the unique perspective of several law enforcement organizations and individual sheriffs who support Plaintiffs' position and have the collective knowledge and experience of law enforcers working at the street level, as defenders of peace officers who face legal action, and as educational liaisons between the public, the government, and law enforcement. As such, Amici believe the Penal Law provisions challenged in Plaintiffs' motion for preliminary injunction do not further the government's interests in increasing public safety and reducing the occurrence of violent crime.  The challenged provisions are also unconstitutionally vague and place an improper burden upon law enforcement officers to interpret the meaning of such provisions. Therefore, this brief will provide this Court with a balanced analysis of legal authority and practical implications for why the challenged provisions should be enjoined.

A.      New York State Sheriffs' Association (NYSSA)

NYSSA is a non-profit corporation, founded in 1934, which comprises all of the elected and appointed Sheriffs of New York State. NYSSA was formed for the purpose of assisting Sheriffs in effectively and efficiently providing Sheriffs' services to the public of the state of New York. To that end, NYSSA has designed and implemented training programs for Sheriffs and their Undersheriffs, Law Enforcement Supervisors, Jail Managers, Civil Deputy Sheriffs, and Correctional Officers. In addition to its training efforts, NYSSA also advises members of the New York State Legislature, the Governor's Office, and other Executive Branch agencies about the feasibility and implications of legislation or administrative rules affecting Sheriffs. NYSSA

also cooperates with other police agencies and public officials to improve the prevention, detection, prosecution, and punishment of crimes.

As a leader in the law enforcement community, NYSSA provides a unique backdrop for the interaction of the challenged provisions and the practical task of implementing such laws. On the street, it is law enforcement's job to effectuate lawful arrests of dangerous persons who break the law. And scarce police resources are more effective when spent on carrying out laws that actually reduce violent crime rather than on laws, like those here challenged, that unfairly burden Sheriffs and other law enforcement personnel with the task of deciphering vague provisions.

**B.     Individual Sheriffs**

The following individual sheriffs join as Amici in support of Plaintiffs' position: Timothy B. Howard, Sheriff of Erie County; Reuel A. Todd, Sheriff of Oswego County and NYSSA Trustee; Barry C. Virts, Sheriff of Wayne County and NYSSA Treasurer; Donald B. Smith, Sheriff of Putnam County, Immediate Past President of NYSSA, Current Legislative Committee Chairman, and retired Brigadier General, U.S. Army, and Thomas J. Smith, Sheriff of Fulton County.

The individual sheriffs have over 100 years of combined law enforcement experience, providing them with the expertise not only on how state-wide gun control laws actually impact public safety at the ground level, but also on how such laws impact the duties, responsibilities, and liabilities of law enforcement officers. On a daily basis, it is the job of individual officers to make discerning judgments about the applicability of the law and ascertain whether or not criminal conduct has arisen. These individual sheriffs will provide this Court with a unique

perspective about the legal and constitutional pitfalls of the challenged provisions.

    **C.**    **Law Enforcement Legal Defense Fund (LELDF)**

LELDF is a non-profit 501(c)(3) organization, headquartered in Arlington, Virginia, that provides assistance to law enforcement officers, including officers in New York, in a variety of legal matters officers encounter while serving in the line of duty. Members of the Board of Directors for LELDF include David Martin, former Chief Counsel to the United States Secret Service, John Burke, former special agent of the FBI and former Assistant Director of the FBI Academy at Quantico, Wm. Bradford Reynolds, former Assistant Attorney General, United States Justice Department, Edwin Meese III, former Attorney General of the United States, and Alfred Regnery, former Administrator of the Office of Juvenile Justice and Delinquency Prevention at the United States Justice Department.

LELDF has been in existence for over 20 years and has aided nearly 100 officers, mostly in cases where officers have faced legal action for otherwise authorized and legal activity in the line of duty. Oftentimes, officers receiving assistance from LELDF are acquitted. LELDF also works to educate the public, the media, educational institutions, and the government about the role law enforcement officers play in keeping the peace. Additionally, LELDF conducts and presents studies, research, and statistical surveys to various government agencies to foster an understanding of cooperation between government and law enforcement to bolster the common good and social welfare.

LELDF does not support restrictions on the possession of firearms that unduly burden the Second Amendment right to keep and bear arms. Indeed, carefully drafted laws that allow for

private citizens to adequately defend themselves within the lawful parameters of the Second Amendment result in fewer victimizations and conserve government resources.

Additionally, LELDF is appearing as an amicus curiae to provide its expertise on interactions between police officers and the enforcement of the law. While LELDF supports legislation that will further the government's interest in protecting public safety, LELDF does not support poorly drafted, vague laws that subject law enforcement officers to undue legal action as a result of their attempted enforcement.

### D. Law Enforcement Action Network (LEAN)

LEAN is a sister organization to LELDF, also headquartered in Arlington, Virginia, and has a pending application to become a certified 501(c)(4) organization. LEAN relies on legislative and grassroots advocacy to promote policies that protect law enforcement officers' personal and professional safety. Additionally, LEAN works to oppose policies that favor criminals at the expense of the police and the public. Much like LELDF, LEAN also supports legislation that appropriately respects the constitutional boundaries of the Second Amendment.

As an amicus, LEAN seeks to provide insight to the Court about the negative ground level impact the challenged provisions will have on police officers who must enforce the challenged provisions.

### E. International Law Enforcement Educators and Trainers Association (ILEETA)

ILEETA is a professional association of 4,000 persons who are committed to the reduction of law enforcement risk through the provision of training enhancements for criminal justice

practitioners. By developing and providing high quality training, ILEETA members have committed themselves to saving lives of not only police officers, but also of the general citizenry who encounter law enforcement. Additionally, ILEETA publishes four periodicals: *The ILEETA Digest*, *The ILEETA e-Bulletin*, *The ILEETA Journal*, and *The ILEETA Chronicle*.

As an amicus, ILEETA will provide this Court with its expertise on interactions between law-abiding persons who carry firearms and the police. Additionally, ILEETA is participating because unconstitutional firearms restrictions not only disadvantage law-abiding citizens whose lawful self-defense deters crime, but also disadvantages police officers who are tasked with interpreting and enforcing such provisions.

## II.  REASONS FOR FILING

Amici have reviewed the documents filed to date by the parties to this proceeding and are familiar with the issues before this Court. The accompanying proposed brief of the amici curiae will assist this Court by identifying the practical impact the challenged provisions will have on law enforcement that the parties do not fully address, but which are critical to a complete understanding of the problems with vagueness.

As the street-level enforcers of the challenged provisions, law enforcement officers are the ones tasked with ensuring compliance with the laws. This brief provides insight from a law enforcement perspective on the detrimental impact vaguely drafted laws have on effectuating successful crime prevention. Moreover, law enforcement officers are subjecting themselves to potential legal action stemming from the enforcement of the challenged provisions that allow for too much subjective latitude to pass constitutional muster. Finally, the accompanying amici brief

addresses why no public interest is furthered by the firearms restrictions challenged herein.

Accordingly, the amici respectfully move that this Court grant leave to file the brief submitted concurrently with this motion.

Dated: May 14, 2013

| **MICHEL & ASSOCIATES, P.C.** | **BRENNA, BRENNA AND BOYCE, PLLC** |
|---|---|
| /s/ C. D. Michel | /s/ Sheldon W. Boyce, Jr. |
| C. D. Michel* | Sheldon W. Boyce, Jr. |
| Attorney for Amici Curiae | Attorney for Amici Curiae |
| Michel & Associates, P.C. | Brenna, Brenna and Boyce, PLLC |
| 180 E. Ocean Blvd., Ste. 200 | 31 East Main Street, Suite 2000 |
| Long Beach, CA 90802 | Rochester, NY 14614 |
| (562) 216-4444 | (585) 454-2000 |
| cmichel@michellawyers.com | boyce@brennalaw.com |

*\* Pro hac vice admission forthcoming*

**CHAMBERLAIN, KAUFMAN AND JONES**
Jeffrey Chamberlain
Attorney for Amici Curiae
Chamberlain Kaufman and Jones
35 Fuller Road
Albany, NY 12205
(518) 435-9426
jeffc@flsa.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2013, an electronic PDF of this Notice of Motion for Leave to File [Proposed] Amici Curiae Brief of New York State Sheriffs' Association, Timothy B. Howard, Erie County Sheriff, Reuel A. Todd, Oswego County Sheriff, Barry C. Virts, Wayne County Sheriff, Donald B. Smith, Putnam County Sheriff, Law Enforcement Legal Defense Fund, Law Enforcement Action Network, and International Law Enforcement Educators and Trainers Association was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on the following registered attorneys.

Brian T. Stapleton
GOLDBERG SEGALLA LLP
11 Martine Avenue, Suite 750
White Plains, New York 10606-1934

Stephen P. Halbrook, Esq.
3925 Chain Bridge Road, Suite 403
Fairfax, Virginia

Benjamin K. Ahlstrom
NEW YORK STATE ATTORNEY GENERAL'S OFFICE
Main Place Tower
Suite 300A
350 Main Street
Buffalo, NY 1420

Kevin M. Kearney
Hodgson Russ LLP
The Guaranty Building, Suite 100
140 Pearl Street
Buffalo, NY 14202

And I hereby certify that I have mailed the foregoing, by the United Sates Postal Service, to te following Defendant, whose counsel has yet to enter an appearance in the case:

Lawrence Friedman
District Attorney for Genesee County
Genesee County District Attorney's Office
One West Main Street
Batavia, NY 14020

| | |
|---|---|
| **MICHEL & ASSOCIATES, P.C.** | **BRENNA, BRENNA AND BOYCE, PLLC** |
| /s/ C. D. Michel | /s/ Sheldon W. Boyce, Jr. |
| C. D. Michel* | Sheldon W. Boyce, Jr. |
| Attorney for Amici Curiae | Attorney for Amici Curiae |
| Michel & Associates, P.C. | Brenna, Brenna and Boyce, PLLC |
| 180 E. Ocean Blvd., Ste. 200 | 31 East Main Street, Suite 2000 |
| Long Beach, CA 90802 | Rochester, NY 14614 |
| (562) 216-4444 | (585) 454-2000 |

*\* Pro hac vice application forthcoming*

**CHAMBERLAIN KAUFMAN AND JONES**
Jeffrey Chamberlain
Attorney for Amici Curiae
Chamberlain Kaufman and Jones
35 Fuller Road
Albany, NY 12205
(518) 435-9426
jeffc@flsa.com